UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIN WU,<br><br>                                     Plaintiff,<br><br>  - against -<br><br>FLORIDIAN FIRST REALTY CORP.<br><br>                                    Defendant. | Docket No. 1:18-cv-67<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Lin Wu ("Wu" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Floridian First Realty Corp. ("First" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of ten copyrighted photographs of the inside of an apartment, owned and registered by Wu, a professional photographer and real estate broker. Accordingly, Wu seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Wu is a professional photographer and real estate broker having a usual place of business at 13232 NW 15th Street, Pembroke Pines, Florida 33028.

6. Upon information and belief, First is a corporation duly organized and existing under the laws of the State of Florida, with a place of business at 710 S. Dixie Highway, Suite #100, Coral Gables, Florida 33146. At all times material, hereto, First has operated listings at the URL: http://sef.mlxchange.com/ (the "Listings").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7. Wu photographed the inside of an apartment to use for her listing to sell an apartment (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Wu is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the United States Copyright Office and was given registration number VA 2-063-714.

**B.  Defendant's Infringing Activities**

10. First ran two listings for an apartment. One to rent at $1,500 per month and other to sell the apartment for $145,000. The listings prominently featured the Photographs. A true and correct copy of the listings are attached hereto as Exhibit B.

11. First did not license the Photographs from Plaintiff for its Listings, nor did First have Plaintiff's permission or consent to publish the Photographs on its Listings.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST FIRST)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. First infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Listings. First is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by First have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST FIRST**
**(17 U.S.C. § 1202)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Upon information and belief, in its article on the Listings, First intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

19. The conduct of First violates 17 U.S.C. § 1202(b).

20. Upon information and belief, First falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

21. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by First intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. First also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

22. As a result of the wrongful conduct of First as alleged herein, Plaintiff is entitled to recover from First the damages, that she sustained and will sustain, and any gains, profits and advantages obtained by First because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

23. Alternatively, Plaintiff may elect to recover from First statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant First be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant First be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       January 4, 2018

                                              LIEBOWITZ LAW FIRM, PLLC

                                              By: /s/Richard Liebowitz
                                                    Richard P. Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, New York 11580
                                            Tel: (516) 233-1660
                                            RL@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff Lin Wu*